E. North Cullom v. Colvin Guillot.

A sale of movable property is not complete without delivery.

A purchaser of movable property who purchases in good faith, without notice of a prior sale, and who has secured possession of the property, has a good title as against the first purchaser, who has not possession. An injunction to enjoin the second purchaser from taking possession of a portion of the property, in process of delivery, will be dissolved.

APPEAL from the District Court, Parish of Avoyelles, *Edwards*, J. *Cullom & Thorpe*, for appellants. *W. A. Steward*, for appellees. *Waddill & Burbitt*, for intervenors.

The facts are stated in the opinion of the Court.

TALIAFERRO, J. The plaintiff alleges that he purchased from the defendant, in April, 1865, sixteen thousand pounds of cotton in the seed, to be delivered whenever the purchaser was ready to receive it; the cotton, in the mean time, to be at the risk of the plaintiff, who undertook to run the hazard of seizure and confiscation by the Government—a danger then imminent. Plaintiff further complains that, in violation of this agreement, the defendant afterwards sold the same cotton to Lapeine & Ferre, merchants of New Orleans, and when about to deliver the cotton to the last named purchasers, he (plaintiff) took out a writ of injunction, by which the defendant was restrained from the delivery of the entire lot of cotton sold. He prays that he be decreed the rightful owner of the cotton, and that the same be delivered to him, and for general relief, etc.

In this suit Lapeine & Ferre intervene, claiming the cotton in dispute; averring that it was purchased for them by their agent, who, in pursuance of their contract with the defendant, had made advances to the latter; that the defendant, in pursuance of his contract with them, had delivered to them twelve hundred pounds of the cotton, and was prevented from the completion of the delivery by the acts of the plaintiff. They pray damages for the annoyance and injury they allege they have received; that they be decreed the owners of the cotton; that the injunction be dissolved, with judgment in their favor, of damages, etc., and for general relief, etc.

Judgment was rendered in the Court below in favor of the intervenors, and the plaintiff appeals.

The intervenors complain of the judgment of the District Court in this, that it does not award them damages.

The evidence adduced seems to establish that, as between the plaintiff and defendant, there was a sale of the cotton to the former; but as there was no delivery of the article sold, the sale was not complete as to the in-

tervenors, who, subsequently, as it appears, in good faith, purchased the same cotton, made advances upon it to the defendant, and who had actually received twelve hundred pounds of the cotton, and were in the act of receiving the remainder, when restrained by the injunction sued out by the plaintiff. Under this state of facts, we think the judgment of the lower Court should be affirmed. C. C. Art. 1916. 7 An. 373.

On the question of damages, prayed for by the intervenors, as the facts were all fully before the lower Court, and it declined awarding damages, we do not, from anything appearing upon the record, feel inclined to alter the judgment in this respect.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, the plaintiff and appellant paying costs in both Courts.